## Cook v. Commonwealth.

(Decided January 17, 1922.)

### Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Instructions.—In a prosecution for unlawfully having whiskey in possession for the purpose of sale, the trial court should instruct the jury to find the defendant not guilty if the evidence fails to, in any wise, connect him with the whiskey.

2. Intoxicating Liquors—Peremptory Instruction.—Where the witness merely states that he had information that the defendant was riding into town with whisky for the purpose of sale, and later found a horse hitched to a fence, on which was tied a slicker containing a half gallon of whiskey, the defendant was entitled to a peremptory instruction in the absence of evidence showing that the defendant rode the horse on which the whiskey was found, or had some guilty connection with the horse and whiskey.

D. D. FIELDS & DAY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The appellant Cook was convicted in the Letcher circuit court of the offense of "unlawfully and wilfully having in his possession, and transporting intoxicating, spirituous, vinous and malt liquors for himself and for the purpose of selling same," and his punishment fixed at a fine of $150.00 and by confinement in jail for thirty days. On appeal here Cook asks a reversal of the judgment for several reasons, chief among them being: (1) The court erred in permitting incompetent evidence to go to the jury over the objection of appellant. (2) The court erred in refusing to peremptorily instruct the jury to find defendant not guilty. The substance of all the evidence offered for the Commonwealth is set forth in a properly certified bill of exceptions as follows:

The Commonwealth introduced James D. Tolliver, sheriff of Letcher county, who testified in substance that he knew Melvin Cook, that he was *informed* that Melvin Cook came to Whitesburg riding a horse and had whiskey for sale, that he notified the county judge of his *information,* and that he and the county judge left the court-house and went behind the Lewis Bros. store and found a horse hitched to the fence; that he examined and found tied in a slicker to the saddle one-half gallon of moonshine whiskey, that he seized and took charge of the whiskey, and of the horse, bridle and saddle; that he thereafter arrested the defendant, Melvin Cook, and delivered him to the judge of the Letcher county court; that he broke up and destroyed the half gallon of whiskey, and after the discharge of the defendant, Cook, he advised someone to go and get the horse and deliver it back to Melvin Cook.

The only other witness introduced for the Commonwealth was F. F. Pendleton, who said he saw the sheriff take charge of the horse and led it away from where it was hitched, but he did not see the whiskey nor know positively whose horse it was.

It is only necessary to read the foregoing statement of the evidence taken from the bill of exceptions to be forced to the conclusion that the motion of appellant Cook for a directed verdict in his favor should have been sustained. According to the record there was no evidence whatever on the part of the Commonwealth that appellant Cook had any connection whatever with the horse on which the liquor, of which complaint is made, was found. The sheriff had *information* that appellant was riding into town with whiskey, but it is nowhere proven that appellant had whiskey or was riding the horse on which the liquor was found. The sheriff and the county judge, according to the evidence, went behind Lewis Bros.' store and there found *a* horse hitched to the fence. To whom this horse belonged or who had ridden it to the place where it was hitched is not shown by the evidence. There is not sufficient evidence, as set forth in the bill of exceptions, to connect appellant Cook with the whiskey in any way. This being true, the trial court should have sustained his motion for a directed verdict at the conclusion of the evidence of the Commonwealth.

The incompetent evidence of which appellant complains was that given by the sheriff with reference to the

finding, seizing and destroying the half gallon of moonshine whiskey tied in the slicker on the horse, which evidence it is contended the sheriff obtained through illegal methods employed in searching the personal belongings of the rider of the horse without first having obtained, in the manner provided by law, a search warrant authorizing him to do so. As the case must be reversed for error of the court in failing to peremptorily instruct the jury to find the defendant not guilty, we do not consider it necessary to discuss the alleged error of the court in allowing the admission of incompetent evidence, for it is to be presumed that upon another trial, if there be one, the court will conform to the law as announced in the case of Youman v. The Commonwealth, 189 Ky. 152, and other cases there cited.

While there was no demurrer to the indictment and no objection is made in brief of counsel for appellant to its sufficiency, it may not be improper for this court to suggest that the indictment is fatally defective because it fails to negative the exceptions in the statute, under which it is drawn, according to the rule announced in the recent opinion of Dials v. Commonwealth, 192 Ky. 440; Largin & Early v. Commonwealth, 193 Ky. 366, and other reasons unnecessary here to state. As prosecutions under this statute are becoming frequent, and many appeals are reaching this court involving the sufficiency of indictments, we hope we may be pardoned the suggestion to attorneys for the Commonwealth and county, that in the preparation of indictments under the statute greater care be exercised, which, if followed, will not only result in a great saving of time to those officials and the courts before whom the cases are prosecuted, but this court also, and a great saving in expense to the Commonwealth.

For the reasons indicated, the judgment must be reversed for a new trial consistent with this opinion.

Judgment reversed.