## Patrick v. Commonwealth.

(Decided May 4, 1923.)

### Appeal from Montgomery Circuit Court.

1. Criminal Law—Warrant is not to be Tested by Strict Rules Applied to Indictment.—The warrant upon which accused is tried in an inferior court is not to be tested by the same strict rules of pleading as is an indictment.

2. Intoxicating Liquors—Failure of Warrant Properly to Negative Exceptions Does not Invalidate it.—The failure of a warrant charging possession of intoxicating liquors to negative the exceptions does not invalidate the warrant as it would invalidate an indictment.

3. Intoxicating Liquors—Amendment of Warrant to Negative Exceptions is not Prejudicial to Accused.—Since it is not necessary for a warrant charging unlawful possession of intoxicating liquors to negative the statutory exceptions, there was no error in amending a warrant so as to negative therein those exceptions.

4. Criminal Law—Confession in Answer to Single Question by Jailer Held Competent.—Where accused, while in jail, was asked by his jailer the single question as to what he had in his automobile, his confession that he had therein a quart of whiskey was not obtained in violation of the Anti-Sweating Act (Ky. Stats., section 1649b), which was intended to apply to the persistent and repeated questioning of a prisoner, and therefore was admissible against accused as a confession voluntarily made without threats or promises.

5.  Arrest—Searches and Seizures—Search Without Warrant of Automobile in Officer's Custody After Owner's Arrest is Lawful—"Unreasonable Search and Seizure."—Where the city marshal properly arrested defendant, who was drunk, and standing outside of his automobile, the engine of which was running, it was not only the right, but the duty, of the arresting officer to take charge of the automobile, and at least see that it was removed to a place of safety, and his search of it while it was lawfully in his possession for that purpose, and seizure of whiskey found therein was not a violation of the constitutional inhibition against unreasonable search and seizure.

DENIS DUNDON, THOS. D. GRUBBS, JOHN J. WINN and JOHN G. WINN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant was arrested, tried and convicted upon a warrant charging him with having committed, in Montgomery county, the offense of "unlawfully having in his possession spirituous, vinous, malt and intoxicating liquors, except for sacramental, mechanical, scientific or medicinal purposes."

Upon his appeal to the circuit court, there was a trial resulting in a hung jury, after which the warrant was amended on its face and another trial had, resulting in his conviction and punishment by a fine of $100.00 and confinement in jail for thirty days. Having prosecuted this appeal from that judgment, he complains that the court erred (1) in overruling his demurrer to the warrant, (2) in permitting same to be amended, (3) in admitting incompetent evidence, and (4) in overruling his motion for a directed verdict.

1.   We have held in Rickman v. Commonwealth, 195 Ky. 715, 243 S. W. 929, and other cases following it, that an indictment is fatally defective upon demurrer which charges a possession of intoxicating liquors in the same language employed in this warrant, but we have always held that the sufficiency of a warrant is not to be tested by the same strict rules of pleading as is an indictment. Pabst Brewing Co. v. Commonwealth, 32 Ky. L. R. 1010, 107 S. W. 728; Johnson v. Commonwealth, 197 Ky. 291, 246 S. W. 798.

Following this rule, we but recently held in Pulliam v. Commonwealth, 197 Ky. 410, 247 S. W. 366, that it was

not necessary in a warrant, as it is in an indictment, to negative the exceptions in the statute making it unlawful to have in possession intoxicating liquors for any other than the excepted purposes. Since the only reason for holding the indictment defective in the Rickman case was its failure properly to negative the exceptions in the statute, and as it is not necessary to negative them at all in a warrant, it results that the court did not err in overruling the demurrer to the warrant in this action.

2. For the same reason it follows that the court did not commit prejudicial error in permitting the Commonwealth to amend the warrant so as to negative the exceptions in the statute, as was held in the Rickman case was necessary in making this same charge by indictment.

Appellant was not arrested upon this warrant, and same was not issued, until after he had been arrested and placed in jail by the city marshal for being drunk upon the streets of Mt. Sterling, in and near his automobile and in the presence of the arresting officer.

An hour or two after he had been placed in jail, the jailer, at the instance of a deputy sheriff who stood to one side and where appellant could not see him, went to the door of the jail and asked appellant what he had in his automobile, which had been left standing on the street where appellant was arrested, and he replied that he had a sack of meal, a lap-robe and a quart of whiskey in the car.

It is for having this quart of whiskey in his possession that appellant was convicted, and it is his contention that his confession of that fact to the jailer was obtained in violation of section 1649b of Kentucky Statutes, known as the Anti-Sweating Act, and that the court therefore erred in permitting the jailer to testify as to this confession over his objection and exception.

By this act, confessions obtained in violation of its provisions are made incompetent as evidence against the confessor upon his trial for a crime thus confessed by him; but in construing this statute, we uniformly have held that voluntary statements of persons in custody may be used against them, and that same are voluntary if made without threats or promises and not as a result of plying them with questions or by other wrongful means, as denounced by the statute. See Dials v. Commonwealth, 192 Ky. 440, 233 S. W. 888, and the cases therein cited, among which is Commonwealth v. Long, 171 Ky. 132, 188 S. W. 334. In the Long case, we said:

"It seems reasonably clear from the language used in the statute quoted that the propounding of a single question to a defendant in custody does not amount to sweating within the meaning of the act; but that it is plying him with persistent and repeated questions with a view to using his admissions against him, which is denounced, and the answers elicited by such repeated questions which are declared to be incompetent evidence. There was no evidence of threats or coercion of any kind nor any evidence of intention to extort information from defendant."

We are therefore of the opinion that this confession was not obtained in violation of the act, and that the court did not err in its admission.

3. Shortly after the defendant made this statement to the jailer, the city marshal went back to the automobile, and found therein the quart of whiskey and other articles referred to by appellant in his statement to the jailer. The marshal was permitted to testify, over defendant's objection and exception, that he found this quart of whiskey in the automobile, and of this complaint is made upon the ground that the search of the automobile by the marshal, without a search warrant, was unlawful, and that under many decisions of this court the evidence so obtained was incompetent.

We are of the opinion, however, that the search without a warrant was not in violation of the constitutional provisions with reference to search and seizure, or otherwise unlawful.

The marshal testified without contradiction that defendant was drunk and out of his car, but near it; that when he started to arrest him, defendant climbed back in the car; that the motor was running; that he arrested defendant, took charge of the car, turned off the motor and took defendant to jail; that in an hour or two he returned to the car, found it standing just where he left it, searched it, found the quart of moonshine whiskey therein, and not being able to run the car, got another to take it to police headquarters.

It is clear, and not denied, that the arrest of defendant was lawful, and in our judgment it was not only the right, but the duty as well, of the arresting officer to take charge of the automobile and see, at least, that it was removed to a place of safety. If this is true, he was in possession of same lawfully, and neither his search nor

seizure of it was in violation of the constitutional inhibi- • tion against unreasonable searches and seizures.

It follows, the evidence was not rendered incompetent by the manner of its obtention, and the court did not err in its admission.

4. The remaining contention that the court erred in refusing to direct an acquittal, being based solely upon the theory that the evidence of the jailer and the marshal was incompetent, necessarily fails when, as we have held, that evidence was competent.

Judgment affirmed.