## Cole v. Commonwealth.

(Decided January 11, 1924.)

### Appeal from McLean Circuit Court.

1. Intoxicating Liquors—Indictment for Transportation Need Not Allege Attendant Circumstances.—An indictment, charging that defendant did "transport" intoxicating liquors, was sufficient

without alleging attendant circumstances, under Criminal Code of Practice, sections 122, 124.

2. Criminal Law—Intoxicating Liquors—Officer Properly Searched Buggy Without Search Warrant, and Evidence Admissible.— Where defendant was lawfully arrested for drunkenness, and officer took him 75 yards to his horse and buggy to arrange for its care, and while so doing noticed a package under the seat, which upon investigation proved to be moonshine whiskey, the search of the buggy was authorized, and the whiskey was competent in evidence in a prosecution for unlawful transportation, though the officer had no search warrant.

SLACK, BIRKHEAD & SLACK for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant complains of his conviction of illegally transporting whiskey, upon the grounds that the indictment is fatally defective and the evidence of guilt incompetent.

The criticism of the indictment is that it fails to contain a statement of the acts constituting the offense, as required by section 122 of the Criminal Code, in that it does not "specify in some way from what place to what place, or at least in what way" the liquor was transported. But section 122 only requires "a statement of the acts constituting the offense in ordinary, concise language," etc., and section 124 that the indictment be direct and certain as regards the party, the offense, the county and the particular circumstances of the offense charged, "if they be necessary to constitute a complete offense."

The transportation or possession of intoxicating liquor denounced by the statute is not otherwise defined than by the use of these words, and it has never been regarded as necessary to allege the attendant circumstances in order to state a complete offense, since the words "transport" and "possess" by themselves completely describe these offenses "in ordinary, concise language, and in such a manner as to enable a person of common understanding to know what is intended, and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case."

Many indictments so describing these offenses have been held good upon demurrer by this court, and even

where the quantity was not stated as was done here. Middleton v. Commonwealth, 197 Ky. 442, 247 S. W. 40; Traughber v. Commonwealth, 198 Ky. 596, 249 S. W. 770; Garrison, etc. v. Commonwealth 200 Ky. 259, 254 S. W. 904. Appellant's first contention is therefore untenable.

Appellant was arrested for the offense of drunkenness committed in the officer's presence, and when he was some 75 yards from his horse and buggy. Accompanied by defendant, the officer went to the buggy to permit defendant to arrange for its care during his absence, and while so doing noticed a package under the buggy seat, which upon investigation proved to be a gallon jug of moonshine whiskey wrapped in an oilcloth. It was for the transportation of this liquor defendant was tried and convicted, and his complaint is the court erred in admitting evidence of the presence of the liquor in the buggy which the officer discovered by a search without a search warrant, and that without this evidence there was no proof of his guilt.

Defendant was legally arrested, as is conceded, and under the many decisions of this court the officer was authorized to search defendant's person, and evidence so obtained was competent against him.

But it is insisted the arrest did not authorize a search of the buggy, seventy-five yards away from defendant. We are of the opinion, however, the buggy was in the immediate possession of defendant when arrested, and the search thereof was authorized, rendering competent evidence thus discovered.

Defendant relies upon Ash v. Commonwealth, 193 Ky. 452, 236 S. W. 1032. But the facts of the two cases are not analogous. There the defendant committed no offense in the officer's presence; he was not arrested, and a grip was seized and searched which he had set down in a railroad depot. Both the arrest and the conviction were sought to be justified by the fact the grip, upon search, was found to contain liquor. The facts of this case obviously distinguish it from that, and just as obviously call for the application of the doctrine of Patrick v. Commonwealth, 199 Ky. 83, 250 S. W. 507, under which the search was authorized and the evidence so obtained competent.

Judgment affirmed.