## Scruggs v. Commonwealth.

(Decided April 25, 1924.)

### Appeal from Fayette Circuit Court.

Intoxicating Liquors—Taking Liquor in Abandoned Building in Presence of Defendant Held Proper Without Search Warrant.— Where officers saw several bottles of intoxicating liquor in defendant's possession, when he came out of a soft drink stand, and the print of several more bottles in his pockets, and followed him to an abandoned house, where he deposited two of the bottles in a crevice of the building, they could at that time without a search warrant appear and demand of the defendant the delivery of the bottles, it being unnecessary to wait until the defendant retired before taking the bottles, and it is immaterial that they did not have positive and actual knowledge of the contents of the bottles.

J. W. MILAM for appllant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On his trial in the Fayette circuit court under an indictment charging him with unlawfully possessing intoxicating liquors, the appellant, Scruggs, was convicted and, his motion for a new trial being overruled, he prosecutes this appeal. The only ground urged for reversal is that the evidence introduced by the Commonwealth, which proved defendant's guilt beyond contradiction, was incompetent and there being no other the court should have instructed the jury to acquit him. The only witness introduced, or who testified in the case, was Felix Fields, a national prohibition officer, who stated that he was standing at the door of a soft drink stand operated by defendant when the latter appeared and witness saw in his possession two half-pint bottles and observed in his pockets the print of two other bottles. About that time a bystander informed defendant that witness was an officer, and thereupon defendant walked hurriedly down the street and witness, without his knowledge, followed him over a circuitous route and saw him go to an abandoned building and deposit two of the bottles in a crevice of the building, and about that time the witness appeared and demanded of defendant the delivery of the bottles to him, which was done, and they were found

to contain moonshine whiskey. The prosecuting witness also stated that the reputation of defendant was that of a bootlegger. The defendant did not testify, nor did he introduce any witness in his behalf.

It is earnestly insisted that all of the testimony of the witness was incompetent because he was not acting under a search warrant; but we do not think one was required in order to make his testimony competent. It does not appear that the abandoned house was any part of premises owned or controlled by defendant, and if the officer had said nothing to him and had procured the deposited bottles which he saw defendant make, it would not have been an invalid search, under the numerous opinions of this and other courts. Because witness took charge of the bottles in the presence of defendant instead of waiting until he retired can not render his testimony less competent. In that view of the case it is unnecessary to determine the right of the officer to arrest defendant upon his discovery of his possession of the containers of the whiskey without first having positive and actual knowledge of their contents, which is so strongly relied on in brief for defendant. The officer having lawfully obtained possession of the bottles, which he saw defendant deposit, as stated, had the right to test their contents.

There being nothing found in the record in anywise impairing the testimony of the prosecuting witness or in any manner rendering it incompetent, it follows that the court properly overruled the motion for a new trial, and the judgment is affirmed.