## Ferrell v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Mercer Circuit Court.

1.  Arrest—Criminal Law—Persons Having Whiskey in Automobile
    Properly Arrested, and Evidence Admissible Though there was no
    Search Warrant.—Where driver opened door of car when sheriff
    approached, and sheriff could then see number of kegs in rear seat,
    and could smell whiskey, sheriff properly arrested occupants of car
    for offense committed in his presence, and evidence was admissible,
    though officers had no search warrant.
2.  Searches and Seizures—Search Warrant Unnecessary where Ob-
    ject Sought is Visible, Open, and Obvious.—Search warrant is not
    necessary, where object sought by search is visible, open, and ob-
    vious to any one within reasonable distance employing his eyes.

ERROL W. DRAFFEN for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN
DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The sheriff of Mercer county received information by
telephone that a strange automobile, enclosed with cur-
tains and covered with mud, was standing on a cross pike
about four miles from town, with two men in it. Immed-
iately the sheriff with three deputies traveling by auto-
mobile went to see about the strange car. They found it
at the spot designated by the informant. The sheriff
drove his car up in front of the strange car, stopping only
a few feet therefrom. He and his deputies unloaded, one
of the deputies going to the right of the strange car and
the other to the left of it. As they approached the doors
to the car, which was entirely closed, appellant Ferrell
who was driving the car, opened the door and inquired of
the deputy approaching if he were a "hi-jacker," mean-
ing a person who holds up and robs bootleggers, as it is
explained by the sheriff. When the door was opened the
sheriff observed several kegs in the back seat of the
strange automobile and at the same time smelled strong
odors of whiskey. He then informed appellant Ferrell
that he was not a "hi-jacker" but a sheriff. About the
same time the deputy sheriff on the other side of the car
opened that door, but owing to the fact that Thompson,
who occupied that side of the car, had a gun, that deputy

did not have a chance to see what the car contained but kept his eyes alone upon Thompson. After putting the men under arrest the sheriffs carried them to town. The automobile contained five 10-gallon kegs of moonshine whiskey. The glass openings in the car were covered with mud as if to render them opaque. At the trial the sheriff and his deputies testified in substance to the facts above related, and the defendant Ferrell was convicted and his punishment fixed at a fine of $300.00 and sixty days in jail. Thompson was a mere boy, and pursuant to the juvenile criminal act was dismissed on account of his age.

Appellant now insists that the evidence obtained by the sheriffs against him was incompetent because the sheriffs had no warrant to search his automobile, and he insists that the search was unlawful, for which reason the evidence thus obtained was incompetent against him. This case is very different from most cases where that contention is made. True, there was no search warrant but none was necessary under the facts in this case. If, however, appellant had not opened the door the sheriff would not have been justified in searching the car without a warrant. But when appellant Ferrell opened the door as the deputy sheriff approached, and inquired if he were a "hi-jacker," and thus exposed the kegs in the car, at the same time releasing the odors of liquor therein pent up, it was manifest that a public offense was being committed in the presence of the officers and they and each of them had the right to arrest appellant and his companion for having in possession intoxicating liquors.

We have several times written, and we regard it as sound, that a search warrant is not necessary where the object sought by the search is visible, open and obvious to anyone within a reasonable distance, employing his eyes. Cole v. Commonwealth, 201 Ky. 543; Royce v. Commonwealth, 194 Ky. 480; Scruggs v. Commonwealth, 202 Ky. 781.

By the act of appellant Ferrell the door of the car was opened and the car's contents exposed to the sheriff. He had all the facts at a glance. His eyes saw the kegs and his nose smelt the fumes of liquor; thus he had the whole evidence. A case could hardly be made stronger. The situation is not changed by the fact that the deputy on the other side of the car opened that door about the time that Ferrell opened the door on his side, for the deputy on the left-hand side of the car testified he did

not see the kegs but kept his eyes upon Thompson, who had a gun. The evidence upon which appellant was convicted was obtained by the deputy who looked through the open door on the side of the car next to appellant Ferrell. The contention that the evidence was not competent must be overruled and the judgment affirmed.

Judgment affirmed.