## Patterson v. Commonwealth.

(Decided December 19, 1924.)

### Appeal from Clinton Circuit Court.

Arrest—Defendant's Admission of Guilt Held to Warrant Arrest and Search Without Warrant and Use of Evidence so Obtained.— Where defendant, halted by officers on lookout for other parties,

was told he was not the man wanted but was asked concerning pronounced odor of whiskey and replied, "Boys, you have got me," and offered them whiskey to turn him loose, his admission under the circumstances was sufficient to show public offense committed in officers' presence, to authorize arrest without warrant, in view of Criminal Code of Practice, section 36, subsection 2, and, arrest being lawful, officers could search his saddlebags without search warrant; evidence thus obtained being competent against him.

W. TANNER OTTLEY for appellant.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, and J. G. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of transporting intoxicating liquor, and insists that none of the evidence was admissible.

The evidence for the Commonwealth may be summarized as follows: The sheriff and his two deputies, who had warrants for the arrest of other parties, went to a place in Clinton county known as Brown's Cross Roads. While waiting there, they saw a light coming down the hill and went to meet the light. When the man carrying the light came near, they flashed their light on him, and his horse shied and turned in the opposite direction. The sheriff caught hold of the bridle and flashed his light in the rider's face, and, after inquiring who appellant was, and where he was going, said, "You are not the man I'm looking for." About that time they smelled whiskey, and saw a pair of saddlebags under appellant, and a grass sack, with something in it, lying across the front of his saddle. Thereupon the sheriff asked what was that that smelled so loud. Appellant answered, "Boys, you have got me," and then offered to give them a half gallon of whiskey if they would turn him loose, at the same time saying that the whiskey he had was not paid for. The officers refused to take any of the whiskey, but brought appellant to the county judge's office in Albany where they searched the grass sack and saddle pockets and found in them four gallons of whiskey. They had no warrant of arrest or search warrant for appellant, had no reasons to believe that he had committed a felony, and, prior to stopping him, had smelled no liquor, and he had committed no offense in their presence.

If, after stopping appellant, the officers had then proceeded to search him, a different question would be presented, but that is not the case. On the contrary, they did not attempt to search appellant then, but informed him that he was not the man they were looking for. After that, they asked appellant what it was that smelled so loud, and appellant said, "Boys, you have got me," and then offered to give them a half gallon of whiskey if they would turn him loose. This was an admission that he had whiskey in his possession, and coupled with the fact that the officers had seen him approaching on horseback, and had also smelled the whiskey, was sufficient to show that he was transporting intoxicating liquor, and was therefore guilty of a public offense in the presence of the officers. For this offense committed in their presence the officers had the right to arrest appellant without a warrant. Subsection 2, section 36, Criminal Code; Dilger v. Commonwealth, 88 Ky. 550, 11 S. W. 651, and, his arrest being lawful, they had the further right to search his saddlebags and grass sack without a search warrant, and to use against him the evidence thus obtained. Patrick v. Commonwealth, 199 Ky. 83, 250 S. W. 507; Turner v. Commonwealth, 191 Ky. 825, 231 S. W. 519; Commonwealth v. Riley, 192 Ky. 153, 232 S. W. 630.

Judgment affirmed.