## Commonwealth v. Lewis.

February 1, 1949.

A. E. Funk, Attorney General, Guy L. Dickinson, Assistant Attorney General, and Richard L. Garnett, Commonwealth's Attorney, for appellant.

Will H. Fulton, Jr. and Ernest Fulton for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Certifying the law.

On this appeal the Commonwealth asks a certification of the law in regard to the right of an officer, after a legal arrest has been made, to search the personal property of the one arrested. The appeal is an outgrowth of the action of the trial court in directing a verdict at the conclusion of the evidence offered by the Commonwealth in favor of Sonny Lewis on a charge of carrying concealed a deadly weapon.

The points urged by the Commonwealth are:

"(1) An officer may make an arrest when a misdemeanor is committed within his presence and may search the person arrested and personal property in his possession.

"(2) After a legal arrest, the officer may search the personal property of the arrested man and this search need not be made in the presence of the owner of the property."

In the amicus curiae brief for the appellee it is urged that:

"A peace officer upon making a lawful arrest has a right to search the premises of the defendant and the personal property in his possession only as an incident to the arrest and contemporaneous therewith and in the presence of the defendant."

Lewis was arrested by police of the city of Bardstown on a charge of driving his station wagon in a reckless manner. The officers testified that the offense was committed in their presence and that they pursued Lewis for some distance before he was overtaken. In the car with Lewis were three colored men and three colored women. Lewis was placed in a police car and taken to the county jail. A policeman drove Lewis's station wagon to a place near the jail. Lewis and the three colored men were placed in jail and the women were taken home. The station wagon was then taken to a garage a few blocks from the jail. After the station wagon was placed in the garage a policeman searched it and found an automatic pistol and some ammunition in the glove compartment.

Counsel for Lewis rely principally upon the case of Ingle v. Commonwealth, 204 Ky. 518, 264 S. W. 1088, 1089. In that case certain fundamental rules of law pertaining to the right of an officer to search an arrested party or his personal property were set forth. These rules follow:

"(1) That evidence obtained by a search made by an officer without a search warrant, except in cases stated below, is inadmissible, and its introduction over the objections of the defendant is incompetent and erroneous; (2) evidence discovered by a search of the person, or his belongings in his immediate presence, upon his being legally arrested, is competent and admissible; (3) that an officer may lawfully make an arrest for a misdemeanor under a duly issued warrant, or if the misdemeanor is committed in his presence—from which it follows that any evidence discovered or found by the officer arresting the misdemeanorant will be competent under rule 2, supra."

No question is raised as to the right of the officers to arrest Lewis, but it is earnestly insisted that the search which resulted in the finding of the pistol in the glove compartment of the station wagon was not made in his "immediate presence," or as an incident to the arrest. We are in accord with this view. Unquestionably, the search was not made in Lewis's presence, and in no sense can it be deemed as an incident to or in pursuance of his arrest. The search was not made at the

time of Lewis's arrest nor in pursuance thereof. The right to make a search under circumstances similar to those here involved grows out of the right of an officer to protect himself. It is only natural that an officer arresting one charged with committing a misdemeanor, or who had committed a misdemeanor in his presence, would have a right to search the defendant to see whether he was armed. Immediately upon his arrest Lewis was taken from his station wagon and later to the jail where he was locked up. It may have been 10 minutes, as contended by the Commonwealth, before the search was made at the garage, or it may have been 10 hours. In this case the element of time is immaterial.

In insisting that the search was legally made the Commonwealth cites the cases of Commonwealth v. Phillips, 224 Ky. 117, 5 S. W. 2d 887; Ragland v. Commonwealth, 204 Ky. 598, 265 S. W. 15; and Patrick v. Commonwealth, 199 Ky. 83, 250 S. W. 507. These cases involved facts and circumstances materially different from those in the case at bar, so it would serve no useful purpose to attempt an analysis of them at this time.

Under the circumstances we think the trial judge correctly instructed the jury to find Lewis not guilty at the conclusion of the evidence offered for the Commonwealth.