**UNITED STATES of America,**
**Plaintiff,**

v.

Lindsey McDANIEL and Thomas Williams, Defendants.

Cr. No. 980–56.

United States District Court
District of Columbia.

Sept. 11, 1957.

Oliver Gasch, U. S. Atty., and Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., on behalf of the Government.

James J. Laughlin and Albert J. Ahern, Jr., Washington, D. C., for defendant McDaniel.

T. Emmett McKenzie, Washington, D. C., for defendant Williams.

HOLTZOFF, District Judge.

This is a motion to suppress certain evidence on the ground that it was seized in violation of the Fourth Amendment to the Constitution of the United States. The defendants McDaniel and Williams join in this motion.

█ The seized article was a towel which was found in a room of which the defendant McDaniel was a sub-tenant, he having sub-rented the room from the defendant Williams. The defendant Williams claims ownership of the seized property. Consequently, under the rule of the Jeffers case (Jeffers v. United States, 88 U.S.App.D.C. 58, 187 F.2d 498, affirmed 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59), each of the defendants has a standing to make the motion and the court will, therefore, consider the motion on the merits as to each of the two defendants.

The salient facts bearing upon this motion are not in dispute. The defendants McDaniel and Williams had been arrested on a charge of murder involved in this case. While they were in custody at police headquarters, two police officers went to the Williams apartment for the purpose of interviewing two women who were also living there. In the course of the interview and without making any search, one of the officers saw a torn towel in the room in which the interview was being conducted. Having had information that a towel was involved in the commission of the homicide, he took possession of the towel.

The moving defendants now seek to suppress this towel as evidence. The defendants invoke the well-established principle that ordinarily a home may not be searched without a search warrant except as incidentally to an arrest that takes place in the premises. Admittedly, there was no search warrant in this instance.

█ In determining matters under the Fourth Amendment, we must bear in mind the basic principle that, of course, is obvious, but it stands repetition because it is the obvious that is very often forgotten and overlooked, namely, that it is only unreasonable searches that are proscribed by the Fourth Amendment, but not all searches. Whether a particular search is or is not unreasonable must be determined largely by the facts of the particular case.

█ To be sure, there are certain guides that have been laid down by judicial decisions, but these guides are not rigid or inexorable. One of the guides is that the interior of a home may not be searched without a search warrant except in connection with and incidentally to an arrest taking place in the premises. That statement, however, is subject to an exception that if, without a search and without an unlawful entry into the premises, a contraband article or an article which is needed by the police, is seen in the premises, the police are not required to close their eyes and need not walk out and leave the article where they saw it. Any other principle might lead to an absurd result and at times perhaps even defeat the ends of justice.

█ The constitutional provision regulating searches and seizures is intended to protect persons against oppression and not to bring into being numerous technical obstructions against the enforcement of the criminal law. It has been said more than once, for example, that it is not a search to observe that which is open and patent (Smith v. United States, 4 Cir., 2 F.2d 715; United States v. Strickland, D.C., 62 F.Supp. 468, 471; Ferrell v. Commonwealth, 204 Ky. 548, 549, 264 S.W. 1078; State v. Miller, 121 Wash. 153, 154, 209 P. 9). In the Ferrell case, it was stated that a search warrant is not necessary where the object sought by the search is visible, open and obvious to anyone within a reasonable distance employing his eyes.

█ In this case, the officers did not enter the premises for the purpose of

searching or seizing any contraband article. They came for the purpose of interviewing prospective witnesses or persons who could give useful information. They did not break or force the door, but were admitted by the occupants. In the light of all of these circumstances, their entry was lawful. In the course of the conference, one of the officers happened to see an article which he deemed might be helpful in connection with the investigation and he thereupon took possession of it.

Under the circumstances, the Court is of the opinion that the seizure was legal, since the entry into the premises was legal and the entry was not for the purpose of making a seizure.

Accordingly, the motion will be denied.