Joe FLANNERY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 8, 1959.

W. H. Counts, Olive Hill, Walter E. Mobley, Sandy Hook, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Joe Flannery was convicted of illegally transporting alcoholic beverages in local option territory for the purpose of sale. He was fined $100 and sentenced to serve thirty days in jail. He has moved for an appeal.

The most important ground urged for reversal concerns a search of appellant's truck which disclosed a large quantity of beer and wine. It is contended that the introduction of testimony concerning the result of the search was erroneous since the search was made without a search warrant and not in his immediate presence.

On December 27, 1957, a state trooper halted appellant in his truck about five miles west of Morehead. Farmer Pennington was riding with appellant. Pennington was arrested for public drunkenness. Appellant was then arrested for operating a motor vehicle with defective lights. Both were taken to the courthouse in Morehead and later placed in jail. The truck was driven to Morehead by another state trooper and was parked in front of the courthouse.

■ The truck driven by appellant had a panel body. After it was taken to Morehead, the state trooper who made the arrest searched the truck without a search warrant and found one hundred cases of beer, twenty-four fifths of wine and extra cans of beer. The rear doors to the panel truck were forced open by the searcher. The only evidence as to appellant's whereabouts at the time of the search was the trooper's statement that he had placed appellant in jail. The burden was on the Commonwealth to justify the search by showing the necessary elements.

■ The law relative to the admissibility of evidence obtained by a search incident to an arrest was certified in Commonwealth v. Lewis, 309 Ky. 276, 217 S.W.2d 625. It was there held that evidence obtained by a search made after an arrest, but not made in the immediate presence of the arrested person or incident to the arrest, is inadmissible. This rule was approved in Ross v. Commonwealth, Ky., 275 S.W.2d 424. The search was made sometime after the arrest and after both appellant and the truck had been brought to Morehead. It was not made incident to the arrest nor in appellant's immediate presence. It was prejudicial error to admit the evidence obtained as a result of the search

■ It is unnecessary to consider the other grounds for reversal except the objection to the introduction of the record of appellant's conviction on the traffic charge before a justice of the peace. The presiding officer's term of office had expired before he signed the judgment. He no longer was acting in an official capacity; therefore, he had no authority to sign the judgment.

■ It is provided by statute that the successor in office to a justice of the peace "may act on the judgments and records of his predecessor in the same manner that the latter could do were he still in office." KRS 25.630(4). This is authority for the successor in office to sign the unsigned judgment. This statute is in harmony with the statutory rights accorded the successor in office to a circuit or county judge. KRS 23.190 and 25.160. The judgment as signed by the ex-justice of the peace should not have been admitted in evidence.

The motion for an appeal is sustained, and the judgment is reversed with direction to grant a new trial.