**E. L. TABOR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 26, 1964.

J. Luke Quertermous, Princeton, for appellant.

Robert Matthews, Atty. Gen., F. E. Wood, Asst. Atty. Gen., James P. Hanratty, Commonwealth's Atty., Hopkinsville, for appellee.

MOREMEN, Judge.

Appellant, E. L. Tabor, was convicted of the possession of alcoholic beverages for the purpose of sale in dry local option territory. His punishment was fixed at a fine of $100 and sixty days in jail.

On March 2, 1963, while driving on a road in Lyon County, appellant lost control of his car. It ran off the road into a ditch and hit a telephone pole. Tabor and his wife, both of whom were injured in the accident, were taken from the car and to a doctor. About that time, or just after, the sheriff of Lyon County came to the scene of the wreck. He radioed the chief of police of Eddyville to come to the scene. They examined the car and found one-half pint of whiskey right on the floor board of the car. The sheriff stated that the back seat of the car "was slid out from the impact with the light pole, which we could see under the back of the seat some boxes which, well, I would have to say in my opinion, were beer and whiskey boxes." They did not examine the car further at that time, but called a wrecker and had the car hauled to a garage in New Eddyville.

About an hour and a half later they searched the car and found quantities of beer and whiskey. Appellant Tabor had not been arrested at the time and the officers did not have a search warrant.

Appellant urges as grounds for reversal that the court erred (1) in summoning bystanders to serve on the trial jury; and (2) in admitting evidence obtained by the search of the car by the officers.

■ The rules of criminal procedure became effective on January 1, 1963. This case was tried on August 27, 1963. Subsection (c) of RCr 9.30(1) reads: "When it appears that the names in the jury box are about to become exhausted, the judge may obtain additional jurors by drawing from the drum, or, with the consent of the parties, by ordering the sheriff or a bailiff appointed by the court to summon any number of qualified persons." Appellant did not consent. He specifically objected to the procedure. Under the circumstances the court should not have summoned bystanders. The Commonwealth relied upon Smith, Jr. v. Commonwealth, Ky., 375 S. W.2d 242. That case was tried under the old Criminal Code of Practice and this Court refused to adopt the policy evidenced by the new criminal rules which were not yet effective. It was said: "We see no compelling reasons for not continuing to apply, in cases tried under the Criminal Code, the long-standing authorization for use of bystanders." However, when cases are tried under the new rules, bystanders are permitted only as authorized by RCr 9.30.

■ We believe it was also prejudicial error to admit the evidence obtained by the search of appellant's car. We have several times held such evidence inadmissible where it was not made incident to an arrest or in the accused's immediate presence. Flannery v. Commonwealth, Ky., 324 S.W. 2d 128; Ross v. Commonwealth, Ky., 275 S.W.2d 424; and Commonwealth v. Lewis, 309 Ky. 276, 217 S.W.2d 625.

Judgment reversed.