### UNITED STATES v. MILLS et al.

(Circuit Court, S. D. New York. March 7, 1911.)

SEARCHES AND SEIZURES (§ 7*)—BOOKS AND PAPERS—CONSTITUTIONAL PROVISION.

Defendants having been indicted for conspiracy to defraud the United States of money due or to become due on imported merchandise by means of a false and fraudulent invoice, a bench warrant was issued referring to the indictment and commanding the marshal to arrest the defendants, describing particularly the persons to be seized, but not "particularly describing the place to be searched and the things to be seized," as required by Const. U. S. Amend. 4. Under this warrant the marshal seized not only the documents concerning the particular importation, but also all books and papers of defendants' firm covering their business as importers of silks, veilings, laces, etc. *Held*, that such seizure was improper, and that the marshal and district attorney would be required to surrender the books and papers so seized, though after examination the district attorney claimed they showed the commission of other offenses which he intended to submit to the grand jury.

[Ed. Note.—For other cases, see Searches and Seizures, Cent. Dig. § 5; Dec. Dig. § 7.*]

Proceeding by the United States against Lawrence H. Mills and others. On petition for instructions to the United States Marshal and District Attorney to return certain books and papers to the defendants. Granted.

Henry A. Wise, U. S. Atty.

Everett, Clarke, Benedict & Ward, for defendants.

LACOMBE, Circuit Judge. The defendants are copartners who have for some time been carrying on business in this city as importers of silks, veilings, laces, etc. They have been indicted for conspiracy to defraud the United States of money due or to become due upon a case of merchandise imported from a foreign country, by means of a false and fraudulent invoice. A bench warrant for their arrest was duly issued, and the marshal, with deputies and others to assist him, went to defendants' place of business, arrested them, and at the same time searched for, found, seized, and removed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from the premises a large number of books and papers. These were turned over to the district attorney. He has since returned to defendants all papers relating to their current business, and certain books and papers which do not relate to or concern charges of crime now pending in court and before the grand jury.

Defendants contend that there is no warrant of law for the seizure of these books and papers which are concededly their property, and ask for their return.

The numerous authorities which have been cited from the various state reports are interesting, but not controlling, since we are concerned solely with the action of a federal officer, the power of a federal court, and the construction of the federal Constitution.

From time immemorial an officer making a lawful arrest on a criminal charge has taken into his possession ·the instruments of the crime and such other articles as may reasonably be of use as evidence on the trial. A blood-stained knife or garment, a half-emptied phial of poison, a mask or disguise, counterfeit coins, plates for printing counterfeit notes, gambling devices, stolen property, and many other articles are thus seized every day on the person or the premises of the alleged criminal, and no one disputes the propriety of such seizure.

In the case at bar, there has been a general seizure of all the defendants' business records. These include books and loose sheets of paper on which defendants or their employés, under their instructions, have from time to time made written statements recording the transactions of their business for some time past. The government officers were in possession of information which in their opinion indicated that defendants had on December 3, 1906, imported by steamship Adriatic a case of veiling marked "P. Diamond R. P. 173" and defrauded the government of a portion of the duties thereon by means of a false and fraudulent invoice. This evidence proved sufficient to satisfy the grand jury, and defendants were indicted for so doing. The bench warrant refers to the indictment and commands the marshal to arrest the three defendants, describing particularly the persons to be seized, but not "particularly describing the place to be searched and the * * * things to be seized." Fourth amendment to the Constitution. When executing the bench warrant, the marshal seized, not only the documents concerned with the particular importation of December 3, 1906, but also all the books and papers of the firm covering their business above referred to. Having examined these, the district attorney states that they disclose. evidence of further offenses, as to which he is about to advise the grand jury that "further indictments, charging additional offenses than those contained in the indictment already found, could be found."

It may be highly desirable, from the point of view of a prosecuting officer, that some such comprehensive seizure of a person's books and papers should be had; the trial of an offense charged may be thus facilitated, and it may be easier to discover that the same person has been guilty of other similar offenses. It may promote the ends of justice that the right to search and seize should be strengthened rather than impaired. It may be that there is "much less danger of

doing injustice to the individual than there is of overlooking the obligations of those in authority to organized society." Opinions will differ as to which is the wiser public policy. But, whatever may be one's individual opinion, it is difficult to see how a subordinate federal court can sustain such a wholesale seizure as we have here, so long as the decision of the Supreme Court in Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, remains unreversed and unqualified. It certainly has never been reversed, and the subsequent decisions of the Supreme Court in which it has been referred to do not indicate that the practice followed in this case should be approved.

In Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575, the court is careful to point out that the only question before it was as to the introduction in testimony of papers found on defendant's premises at the time of his arrest; that the "Supreme Court of New York, before which defendant was tried, was not called upon to issue process or to make any order calling for the production of the private papers of the accused, nor was there any question presented as to the liability of the officer for wrongful seizure, or of the plaintiff in error's right to resist with force the unlawful conduct of the officer."

In Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819, it was held, with strong dissent, that the provisions of the interstate commerce act requiring a witness to produce books and papers which tend to criminate him were valid because the same section afforded him absolute immunity against prosecution, federal or state, for the offense to which the papers relate, which was the full equivalent of his constitutional protection. It might be contended that section 860, U. S. Revised Statutes (U. S. Comp. St. 1901, p. 661), which provided that "no * * * evidence obtained from a party * * * by means of a judicial proceeding * * * shall be given in evidence or in any manner used against him * * * in any court of the United States in any criminal proceeding," would afford sufficient protection to defendants and be an equivalent of the constitutional provisions. Fourth and fifth amendments. But that section has recently been repealed and the argument which prevailed in the interstate commerce case cannot be made here.

In Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652, the court holds that a witness who cannot avail of the fifth amendment as to oral testimony, because of a statute granting him immunity from prosecution, cannot set it up as against the production of books and papers, as the same statute would equally grant him immunity in respect to matters proved thereby. But there is no immunity statute to which these defendants can appeal. It is unnecessary to refer to the many cases which cite Boyd v. U. S. (116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746) with approval.

The petition to direct the district attorney to return the books is granted. As that officer, however, will probably seek to review this decision, provision will be made on settlement of the order for securing the papers against loss pending appeal.