PEOPLE v. CONWAY.

1. ARREST—WARRANT TO ARREST AUTHORIZES ENTRY OF HOUSE TO SERVE SAME ONLY.

In the absence of a search warrant, a warrant for the arrest of one charged with violating the prohibition law gave the officers lawful access to that part of the house only which it was necessary for them to enter in order to serve the warrant.

2. SEARCHES AND SEIZURES — OFFICER MAKING ARREST MAY SEARCH THAT PART OF HOUSE WHERE ARREST MADE.

An officer serving a warrant for arrest may lawfully search for evidence of the crime for which the arrest was made only that part of the house which it was necessary for him to enter in order to serve the warrant, and any further search is an invasion of constitutional rights, in the absence of a search warrant.

3. INTOXICATING LIQUORS—CRIMINAL LAW—SEARCHES AND SEIZURES—EVIDENCE UNLAWFULLY OBTAINED NOT ADMISSIBLE.

In a prosecution for violation of the prohibition law, where it appears that the officers had a warrant for arrest but no search warrant, liquor obtained by searching that part of defendant's house in which it was not necessary for them to go to serve the warrant was un-

lawfully obtained, and was therefore not admissible in evidence.

Exceptions before judgment from St. Clair; Law (Eugene F.), J.    Submitted October 11, 1923. (Docket No. 157.)    Decided November 13, 1923.

Helen Conway was convicted of violating the liquor law.    Reversed.

*David A. Fitzgibbon* (*J. B. McIlwain,* of counsel), for appellant.

*Robert M. Soutar,* Prosecuting Attorney, and *Jesse P. Wolcott,* Assistant Prosecuting Attorney, for the people.

McDONALD, J.    The defendant was convicted of a violation of the liquor law and has brought her case here on exceptions before sentence.    The information charges her with keeping a place where intoxicating liquors were "illegally possessed, sold, stored for sale, given away or furnished."    On the 15th of January, 1923, the sheriff of St. Clair county secured a warrant for the arrest of the defendant, Helen Conway, and one Charles McCulloch.    Accompanied by several deputies and police officers, he went to the defendant's residence and placed them under arrest.    He then took them to the jail, leaving the other officers in charge of the house.    While he was gone they searched the premises for liquor but found none. When he returned the search was continued, resulting in the discovery of six quarts of moonshine whisky, or white mule, concealed under the floor at the top of the stairway.    The liquor thus obtained was used in evidence against the defendant on the trial.    After the arraignment and plea defendant's counsel moved for the suppression and return of the liquor; he ob-

jected to its use as evidence, and at the close of the people's proofs moved to strike out all of the testimony with reference to it.   The motions were denied and the objections overruled.   The defendant rested with the people's case.

The use of this liquor as evidence, which the defendant claims was unlawfully obtained, is the principal question presented by the record.   The following quotations from the testimony of three of the officers show the main facts in regard to the search and seizure of the liquor:

"We made a pretty thorough search of the house after the sheriff left; I should judge we searched three-quarters of an hour.  *  *  *  We were still searching when the sheriff came back.   We didn't find anything before the sheriff came back."

"At the head of the stairs there was a strip of carpet lying there and it was not fastened down and I kicked it over and there was a piece 18 inches long and 5 inches wide; it had been cut out and fitted in there. I took that up and the whisky was there underneath the floor.  *  *  *  There was 6 quarts; there was moonshine whisky, what we call white mule."

"The floor had to be removed to get jars; they were not in sight.   The stuff was found concealed under the floor.   It would not be discovered without considerable search.   It was not open to the naked eye."

In former cases, beginning with *People* v. *Cona*, 180 Mich. 641, this court has approved of the following holding in *Smith* v. *Jerome*, 93 N. Y. Supp. 202:

"The police have the power and it is also their duty to search the person of one lawfully arrested, and also the room or place in which he is arrested, and also any other place to which they can get lawful access, for articles that may be used in evidence to prove the charge on which he is arrested."

In the instant case the sheriff had no search warrant; the warrant which he had was for the arrest

of the defendant; it gave him lawful access only to that part of the house which it was necessary for him to enter in order to serve his warrant. Here where he was lawfully present, he could search for evidence of the crime for which the arrest was made; but farther he could not go without invading the constitutional rights of the defendant. He and his officers did not gain lawful access to that part of the house where the white mule was kept. There they were trespassers. It follows that the liquor was unlawfully seized and that the circuit court was in error in permitting it to be used as evidence against the defendant.

There are no other questions which call for discussion.

The conviction is reversed and a new trial granted.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.