PEOPLE *v.* KARAMOL.

1. INTOXICATING LIQUORS—SEARCHES AND SEIZURES—AFFIDAVIT FOR SEARCH WARRANT—DESCRIPTION OF PREMISES—SUFFICIENCY.
     In an affidavit for a search warrant under Act No. 338, Pub. Acts 1917, as amended, the description of the premises to be searched was sufficiently definite where they were described as "the first floor and basement of the premises situate, known, and numbered as No. 426 and 430 East Mitchell street," in a certain city and county in this State.[1]

_____
[1]Intoxicating Liquors, 33 C. J. § 372; Searches and Seizures, 35 Cyc. p. 1266.

2. SAME—AFFIDAVIT FOR SEARCH WARRANT—FACTS STATED—SUF-
FICIENCY.

> An affidavit for a search warrant stating that, on a cer-
> tain date, affiant purchased and paid for five drinks of
> intoxicating liquor commonly called moonshine, at the
> business place, previously described, of a certain person,
> states sufficient facts showing probable cause for issuing
> the warrant, although it does not state from whom the
> liquor was purchased.[2]

3. CRIMINAL LAW—APPEAL AND ERROR — INTOXICATING LIQUOR —
EVIDENCE.

> Where in a prosecution for keeping a place where intoxi-
> cating liquors were illegally sold, testimony by a State
> chemist as to the analysis of the liquor procured by the
> search warrant was stricken out as soon as it came to
> the attention of the court that the liquor was not in
> court, its admission cannot be said to be prejudicial, in
> view of other testimony that the liquor was intoxicating
> and none that it was not.[3]

4. SAME—NEW TRIAL—WEIGHT OF EVIDENCE.

> Where there was ample evidence to support the verdict
> of guilty, a motion for a new trial on the ground that the
> verdict was against the great weight of the evidence was
> properly denied.[4]

Exceptions before judgment from Emmet; Shepherd
(Frank), J.    Submitted January 14, 1926.    (Docket
No. 139.)    Decided March 20, 1926.

John Karamol was convicted of violating the liquor
law.    Affirmed.

*Mesick & Miller,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Wade
B. Smith,* Prosecuting Attorney, for the people.

McDONALD, J.    The defendant was convicted under
an information charging him with keeping a place at
the city of Petoskey where intoxicating liquors were

[2]Intoxicating Liquors, 33 C. J. § 371; [3]Criminal Law, 17 C. J.
§ 3664; [4]Id., 16 C. J. § 2707.

sold, between the 1st day of July, 1924, and the 5th of December, 1924. The people's testimony shows that on the 4th day of December, 1924, one Stanley Piechowiak, a State policeman, bought five drinks of moonshine whisky from the defendant at his place of business, at which time he was told by the defendant that if he wanted to buy a drink when defendant was absent the cook would give it to him, and that on the following day he purchased a drink of moonshine whisky from the cook. On the same day he procured one quart of the same kind of liquor under a search warrant. The defense denied the sale of liquor, attacked the validity of the search warrant, and made the usual motion to suppress the evidence procured by virtue of it. The court denied the motion. Defendant next entered a challenge to the array of jurors, which the court overruled. Defendant was convicted and has brought the case here on exceptions before sentence.

1. The principal question involved relates to the validity of the search warrant. It is claimed that the affidavit was not sufficient to authorize the issuance of the warrant. The affidavit reads as follows:

"State of Michigan,
    "County of Emmet—ss.

"The affidavit and complaint on oath and in writing of Stanley Piechowiak of the city of Petoskey, said county and State, is taken and made before me, Wm. R. Montgomery, a justice of the peace, of the city of Petoskey, in said county, upon the 4th day of December, A. D. 1924, who, being by me duly sworn, says that on the first floor and basement of the premises situate, known and numbered as No. 426 and 430 East Mitchell street in the city of Petoskey, county of Emmet, State of Michigan, which said premises are occupied by one John Karamol as a restaurant and soft drink place and a meat market and as a place of public resort and not as a drug store nor a private dwelling house occupied as such, the said John Karamol

not being a licensed and registered druggist or pharmacist engaged in selling intoxicating liquors under and in compliance with the requirements and restrictions imposed upon licensed and registered druggists and pharmacists by the general laws of the State of Michigan and by Act No. 338 of the Public Acts of Michigan of 1917, certain vinous, malt, brewed, fermented, spirituous and intoxicating liquors, to-wit, moonshine whisky, are being kept, stored for sale and furnished for the purpose of being sold, furnished or given away as a beverage, contrary to the provisions of Act No. 338 of the Public Acts of the State of Michigan for the year 1917 as amended, and that he, the said affiant, believes and has good cause to believe that such liquor is now there concealed upon the premises above described; and that there are also now there concealed upon the premises above described certain implements and furniture used and kept for such illegal keeping, selling, furnishing, giving away and storing of such liquors, to-wit, bottles, kegs, jars, and other containers and that the grounds of his said belief are as follows, that on the 4th day of December, 1924, this complainant purchased and paid for five drinks of intoxicating liquor commonly called moonshine at the business place of John Karamol.

"Wherefore, the said Stanley Piechowiak prays for the issue of a warrant to any officer having power to serve criminal process, according to the statute in such case made and provided; commanding him to search the premises described and if such liquors are there found, to seize the same with the vessels in which they are contained and all the implements and furniture above described and them safely keep and to make immediate return on said warrant.

"STANLEY PIECHOWIAK.

"Taken, subscribed and sworn to before me the day and year first above written.

"WM. R. MONTGOMERY,
"Justice of the Peace,
"Emmet County, Michigan."

The objection made to this affidavit is that it does not sufficiently describe the premises to be searched

233—Mich.—43.

and that it does not state facts sufficient to make it appear that there was probable cause to issue the warrant. The place to be searched is described as

"the first floor and basement of the premises situate, known and numbered as No. 426 and 430 East Mitchell street in the city of Petoskey, county of Emmet, State of Michigan, which premises are occupied by one John Karamol as a restaurant and soft drink place and a meat market, and as a place of public resort." * * *

This description is sufficiently definite. It leaves nothing to the discretion of the officer who was to make the search.

"Any description that will enable the officer to find the house or place to be searched shall be deemed sufficient." Section 27, Act No. 338, Pub Acts 1917 (Comp. Laws Supp. 1922, § 7079 [27]).

See, also, *People* v. *Woodward*, 231 Mich. 559.

Did the affidavit state sufficient facts showing probable cause for issuing the warrant? After describing the premises the affiant states that liquors are kept there and that his reasons for believing so are as follows:

"That on the 4th of December, 1924, this complainant purchased and paid for five drinks of intoxicating liquor commonly called moonshine at the business place of John Karamol."

The objection to this part of the affidavit is that it does not definitely locate the business place at which liquor was purchased. There is no room for inference that this may mean any other business place than that described in the first part of the affidavit. The affidavit definitely describes and locates the defendant's place of business and follows with the statement that the affiant bought liquor at defendant's place of business. In this respect the affidavit is sufficient.

A further objection is made that it does not state of whom the liquor was purchased. It is not necessary that it should do so. The affidavit is sufficient if it substantially alleges the offense in relation to the premises to be searched. The affidavit was sufficient. The search warrant was valid and lawfully authorized a search of the defendant's premises.

2. Did the court err in overruling defendant's challenge to the array? The assignment covering this question is not discussed by counsel in his brief. We therefore assume that it has been abandoned.

3. Error is alleged on the admission of the evidence of a State chemist, who testified to his analysis of the liquor procured by the search warrant. This witness testified to his analysis before either counsel or the court discovered that he did not have the bottle of liquor with him. It was shown that the bottle had been sent by express from the State chemist's office at Lansing, but had not been received at the time the witness gave his testimony. As soon as these facts came to the attention of the court, he struck out the testimony of the witness in regard to the analysis. It is claimed that this evidence was highly prejudicial to the defendant, and though it was stricken out the error in admitting it was not thereby cured. There was other testimony that the liquor was intoxicating. In fact, there was no evidence that it was not. No request was made to the court that he should instruct the jury to disregard this testimony, and as his charge is not in the record we have no means of knowing whether he did or did not so instruct them. This assignment is without merit.

4. Did the court err in denying the defendant's motion for a new trial? The motion was based on the alleged errors which we have been discussing, and also on the ground that the verdict was against the great weight of the evidence. The evidence of sales of

liquor was not directly denied.   The defendant and his cook, who were alleged to have made them, were not sworn as witnesses.   The only evidence offered in defense was that of some men who were in defendant's place of business at the time, and who testified that they did not see any liquor sold.   There was ample evidence to support the verdict.   Any different result in this case would have been a miscarriage of justice.

The judgment of conviction is affirmed.   The case will be remanded for sentence.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.