PEOPLE *v.* BARTOLETTA.

1. ARREST—SEARCHES AND SEIZURES—EVIDENCE—CRIMINAL LAW—
   INTOXICATING LIQUORS.
   Where police officers observed that sedan driven up to saloon
   contained burlap sacks, which, from previous experience, they
   suspected were filled with cartons of beer, they had reasonable
   grounds of belief that intoxicating liquor was being possessed
   in their presence, and arrest of driver was justified, when
   examination disclosed car was loaded with beer; evidence
   so obtained being admissible in evidence against him.

2. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—RIGHT OF AN-
   OTHER TO BE SECURE AGAINST SEARCH NO CONCERN OF ACCUSED.
   Constitutional right of proprietor of saloon to be secure against
   unreasonable search and seizure is no concern of driver of
   sedan who was arrested for illegal possession of intoxicating
   liquors when he drove up to saloon with load of beer.

Error to Monroe; Root (Jesse H.), J. Submitted
October 17, 1929. (Docket No. 150, Calendar
No. 34,455.) Decided December 3, 1929.

Bartista Bartoletta was convicted of a violation
of the liquor law. Affirmed.

*Wilber M. Brucker,* Attorney General, and *William L. McAran,* Prosecuting Attorney, for the
people.

*Edgar G. Gordon,* for defendant.

CLARK, J. Defendant reviews on error judgment
upon conviction of possession of intoxicating liquor.

The question presented is whether defendant's
constitutional right to be secure against unreason-

On right to arrest without a warrant on mere suspicion of pos-
session of intoxicating liquor, see annotation in 44 A. L. R. 149.

able searches and seizures was violated by the officers in procuring the evidence on which the conviction is based.

A house stood on a "U" shaped driveway connected with a public highway. It was a saloon quite fully equipped, where intoxicating liquors were sold and drunk. The officers came to the place for evidence of the business there conducted, and while they were there defendant drove a sedan loaded with 20 cases of beer in paper cases and burlap sacks to a stop beside the house. An officer testified at the trial:

"When it stopped I walked up alongside of the car, and when I walked up there I saw the car contained beer and I opened the front door and told the man to get out and I told him he was under arrest. This car right by the lazy back of the front seat was piled up with cases and there was a blanket covering these cases. It covered them except the end of about six inches; nearly six inches on each case was sticking out from under the blanket and as I walked past, I could see those burlap sacks containing beer sticking out from under that blanket. These lights from the house made the contents of the car plainly visible to me. I found the car contained cases of beer in paper cartons inside the sack, with the burlap sack sewed over the carton. * * *

"During my four years as an officer, I have seen many burlap sacks, perhaps 1,000 or more, similar to the burlap sacks in this case and found that they contained beer."

Another officer testified:

"When the car stopped, it was practically west of the windows in the rear of the house used as a bar room. I do not know if the car was under the lights. The lights were shining on the car and from the

light furnished from the house you could see the car plainly. You could see what was in the inside of the car without artificial light other than that given by the house. When I came up to the car I could see burlap bags which contained beer. They were partially covered. I had seen quite a number of similar burlap bags before that night and on previous experience had found that similar bags contained Canadian beer or ale."

Substantially the same testimony was given at the examination. The sedan, so loaded, had been driven to the saloon. This fact, together with the officers' observations at the time gave reasonable grounds of belief that intoxicating liquor was being possessed in their presence, and hence justified the arrest. *People* v. *Kamhout,* 227 Mich. 172.

Whether the officers were in and at the saloon in violation of the constitutional right of its proprietor to be secure against unreasonable searches and seizures is no concern of defendant. It is sufficient that his like constitutional right was not invaded. *People* v. *Azukauckas,* 241 Mich. 182.

Affirmed.

NORTH, C. J., and FEAD, BUTZEL, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.