BERRY FOWLER v. THE STATE.

No. 12618. Delivered January 22, 1930.
Reported in 22 S. W. (2d) 935.

The opinion states the case.

*Newman & McCollum* of Brady, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

One witness testified to the sale of beer by appellant to him. The Sheriff testified to a search of appellant's premises on the same night of the sale above mentioned and of finding in a bathroom about twenty to thirty feet from appellant's residence' one hundred bottles of beer, besides some "empties."

The only question we deem necessary to discuss is the bill presenting the alleged inadmissibility of the testimony of the Sheriff as to the result of his search of the premises in question. The record shows that appellant was the owner of about seventeen acres of land, residing thereon with his wife and four children in a dwelling house, near to which but entirely disconnected therefrom was a filling station, camp houses and two bathrooms under the control of and managed by appellant. The Sheriff filed a complaint before the Justice of the Peace charging appellant with the possession of intoxicating liquor for the purpose of sale. A warrant of arrest was issued and going to appellant's premises he arrested him in the yard adjacent to his residence. He searched a bathroom exclusively used as such by appellant's family located several yards distant from the point of arrest, the door to which was closed prior to the arrest, and nothing inside of same visible. He found therein contraband liquor shut up in a closet inside of said bathroom. The admissibility of his testimony relating to the finding of this liquor is made the subject of appellant's bill of exception.

Two points are presented: (1) That the warrant of arrest was illegal because it violated the mandatory provisions of Art. 216, C. C. P., in that it was not signed officially nor did it describe any offense known to the law, and (2) the search was not an incident of the arrest of appellant. The disposition we make of this case makes a decision of the first point unnecessary, as it would be immaterial whether the warrant of arrest was legal or illegal if the second point is good.

The rule governing such matters has been thus stated:

"While it is well settled that incidental to a lawful arrest an officer has the right to search the person of the individual arrested and seize any evidence tending to establish 'crime' whether it be the one for which the arrest was made or any other, the cases do not so clearly define how far an officer may go, in searching the room, premises or effects of the person arrested. The following principles, however,

are well settled: (a) If the arrest is made outside the home or rooming place of the arrested party the officer has no right to go to the place where he resides and make a search for incriminating evidence; (b) the officers may seize any articles of an incriminating nature visible to them in the rooms where the arrest is made; (c) the officers have no right to search any part of the residence of the person except the room where the arrest is made." Cornelius on Search and Seizure, Paragraph 38, P. 160.

The following authorities are cited by him as sustaining this text:

Silverthorne Lumber Co. v. United States, 251 U. S. 385, 64 L. ed. 319; Flagg v. United States (C. C. A.), 233 Fed. 481; United States v. Mounday, 208 Fed. 186; Amos v. United States, 255 U. S. 313, 65 L. ed. 654; Gouled v. United States, 255 U. S. 298, 65 L. ed. 647; United States v. Mills, 185 Fed. 318; State v. Rowley (Iowa), 187 N. W. 7; People v. Woodward, 220 Mich. 511, 190 N. W. 721; Getchell v. Page, 103 Maine 387, 69 Atl. 624, 18 L. R. A. 253; United States v. Wilson, 163 Fed. 338; Cole v. Commonwealth (Ky.), 257 S. W. 713; Patrick v. Commonwealth, 199 Ky. 83, 250 S. W. 507; People v. Woodward, 220 Mich. 511, 190 N. W. 721; People v. Conway, 225 Mich. 152, 195 N. W. 679.

In the instant case the Sheriff had no search warrant but claimed the right to search the bath house in question as an incident of the arrest of accused. The recitation of the facts above set out makes it plain without discussion that the rules laid down by Mr. Cornelius as well settled were violated in the instant case. The appellant was absent when the officer arrived, and was subsequently arrested in the yard upon his arrival home. The officer thereafter went to a building which was closed and the contents of which were not visible and there he found the intoxicating liquor. In our opinion the search was not an incident of the arrest but was a violation of the constitutional guarantee against unreasonable searches and seizures. The testimony objected to should have been rejected.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.