PEOPLE *v.* OAKS.

1. Intoxicating Liquors—Searches and Seizures—Sufficiency of Affidavit.

Statement in affidavit for search warrant that, on day warrant was issued affiant bought whisky at place to be searched, was sufficient, although it did not state from whom it was bought.

2. Searches and Seizures—Description—Sufficiency.

Description in search warrant of place to be searched as dwelling house, outbuildings, and premises, including all garages thereon, located at certain street number, in certain city, county, and State, *held,* sufficiently definite.

On the general rule as to sufficiency of description in search warrant of place to be searched, see annotation in 3 A. L. R. 1518, 1519.

3. CRIMINAL LAW—EXAMINATION AS TO SECOND OFFENSE CHARGE.

Objection that no evidence of element of second offense charge was given at examination before magistrate, not raised before magistrate nor in circuit court until after jury had been sworn, came too late.

4. SEARCHES AND SEIZURES—MOTION TO SUPPRESS—SUFFICIENCY OF AFFIDAVIT—PRIVATE DWELLING.

On motion to suppress liquor found in garage of which defendant was tenant, statement of fact in affidavit for search warrant could not be challenged as false and insufficient, since garage was not defendant's home; rule permitting attack being limited in application to protection of private dwellings.

Error to Genesee; Black (Edward D.), J. Submitted June 12, 1930. (Docket No. 111, Calendar No. 34,847.) Decided June 27, 1930.

Floyd Oaks was convicted of violating the liquor law. Affirmed.

*Howard Cline* and *Frank Stipes,* for appellant.

*Wilber M. Brucker,* Attorney General, *Charles D. Beagle,* Prosecuting Attorney, and *Ralph M. Freeman,* Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendant brings error to review judgment upon conviction of possessing intoxicating liquor.

The affidavit for the search warrant is in usual form, and the statement of fact to support the belief of affiant is that on October 9, 1929 (the day the warrant was issued), he bought and paid for, at the place, two drinks of moonshine whisky. This is sufficient. *People* v. *Ranes,* 230 Mich. 384; *People* v. *Karamol,* 233 Mich. 670. That it was not stated from whom the whisky was bought is not important. *People* v. *Karamol, supra.*

The search warrant, following the affidavit, described the place to be searched:

"The dwelling house, outbuildings and premises including all garages thereon located at No. 1501 New York avenue, in the city of Flint, county of Genesee and State of Michigan."

The description of the place is definite enough. *People* v. *Urban,* 228 Mich. 30.

The complaint charged second offense. No evidence of this element of the charge was given at the examination. *People* v. *McDonald,* 233 Mich. 98. The point was not raised before the magistrate, nor was it raised in circuit court until after the jury had been sworn. It came too late. *People* v. *Brott,* 163 Mich. 150.

The affidavit and the search warrant recited that the person or persons possessing the liquor at the place were unknown. It turned out that it was not defendant's home; he was merely a tenant of a stall in the garage, and it was there that a large quantity of his whisky was found. Defendant, on his motion to suppress, sought to challenge the statement of fact in the affidavit as false and therefore insufficient. See *People* v. *Burt,* 236 Mich. 62; *People* v. *Middleton,* 245 Mich. 197. The rule, established by these cases, and clearly stated in the *Middleton Case,* may be employed only in protection of private dwellings. The stall in the garage was not defendant's dwelling, so the rule is not applicable. *Steele* v. *United States,* No. 1, 267 U. S. 498 (45 Sup. Ct. 414). The constitutional right of the owner of the dwelling was no legal concern of defendant. *People* v. *Azukauckas,* 241 Mich. 182; *People* v. *Bartoletta,* 248 Mich. 499.

Other assignments call for no discussion.

Affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.