PEOPLE v. LOVINS.

CRIMINAL LAW—CONSTITUTIONAL LAW—SEARCHES AND SEIZURES—EVIDENCE—ADMISSIBILITY—SUPPRESSION.

Denial of motion to suppress from evidence a radio seized by police officers in a search of an automobile in which defendant was a passenger, after defendant and 2 other minors were arrested on a highway for unlawful possession of alcoholic beverages, *held*, proper in trial of defendant for breaking and entering a gasoline station to which radio could be linked, where defendant had no proprietary or possessory interest in the automobile, was not present during search, and denied any interest in the radio, since he had no standing to contest legality of search and seizure (CL 1948, § 750.110 as amended by PA 1964, No 133; CLS 1961, § 436.33a).

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 November 9, 1967, at Grand Rapids. (Docket No. 3,130.) Decided March 29, 1968.

Gary L. Lovins was convicted of breaking and entering a service station with intent to commit larceny. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTE
47 Am Jur, Searches and Seizures § 18.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Azkoul & Krupp,* for defendant on appeal.

BURNS, J. Defendant was found guilty by a jury of breaking and entering a gasoline service station with intent to commit larceny. CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

Defendant and 2 companions, all minors, were arrested on a highway for the unlawful possession of alcoholic beverages.* Upon taking the youths into custody and questioning them at the Grandville police station, the police learned that title to the automobile in which they were traveling was in the name of a third person, but the car was actually paid for and in the possession of Henry Eefsting, one of the 3 boys arrested. The prosecution claimed that Eefsting gave the police permission to search the car; Eefsting could not remember giving such permission. The police searched the car and seized a transistor radio which, it was later discovered, could allegedly be linked with the breaking and entering of the service station. When confronted with the radio, all 3 youths disclaimed ownership. Subsequently the defendant was arrested for the crime involved in this appeal.

Prior to trial defendant moved to suppress the radio from evidence on the ground that the search and seizure violated his constitutional rights. US Const, Am 4; Const 1963, art 1, § 11. After a hearing on the motion which brought to light the above

_____
* See CLS 1961, § 436.33a (Stat Ann 1957 Rev § 18.1004[1]).— REPORTER.

facts, the trial judge refused to suppress the evidence, and the case went to trial. The only issue raised on appeal is whether the trial court erred by refusing to suppress the radio.

The action of the trial court was proper. The defendant did not have any proprietary or possessory interest in the automobile searched, nor was he present during the search resulting in the seizure of the radio. During the investigation he denied any interest in the radio seized. Under such facts the defendant did not have any standing to raise the legality of the search and seizure. *People* v. *Norwood* (1945), 312 Mich 266; *People* v. *Bartoletta* (1929), 248 Mich 499; *People* v. *Hale* (1967), 7 Mich App 127.

Affirmed.

LESINSKI, C. J., and HOLBROOK, J., concurred.