PEOPLE *v.* GOEPPNER

1. SEARCHES AND SEIZURES—ARREST—EVIDENCE—HOME.
   Officers have the power to search the person of one lawfully arrested and the premises to which they have lawful entrance for the purpose of making such arrest, but in making an arrest officers cannot invade portions of a home not necessary for them to enter to make the arrest to search for evidence of violations of the law.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur, Search and Seizure § 19.

2. Searches and Seizures—Dwelling—Arrest—Standing to Challenge.

Defendants not in possession or control of a dwelling in which they were arrested have no standing to challenge the legality of a subsequent search of the dwelling conducted by the police and cannot complain of the admission of evidence found by such a search (Const 1963, art 1, § 11).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 October 10, 1969, at Detroit. (Docket No. 6,200.) Decided December 4, 1969.

Andrew Goeppner and John V. Carl, III, were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Richard Daguanno,* for defendants on appeal.

Before: Fitzgerald, P. J., and McGregor and V. J. Brennan, JJ.

Fitzgerald, P. J. Defendants were arrested and charged with armed robbery pursuant to the provisions of MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797), and on April 18, 1968, following a joint nonjury trial, were convicted and sentenced to life imprisonment. A delayed motion for new trial was denied on November 18, 1968, and defendants now bring this appeal, making various allegations of error.

During the course of the trial, testimony was taken from a police officer to the effect that he had obtained a warrant for the arrest of defendant Carl on a charge of breaking and entering. It appears that the officer had gone to a dwelling on Joy road in Detroit, Michigan, where he found the defendant Carl along with five other persons, placed him under arrest, and proceeded to search the premises. A motion to suppress the evidence so obtained was denied and three wallets and some money allegedly stolen during the robbery were admitted over the objection of defendants.

The testimony indicated that the defendant Carl was arrested on the first floor of the dwelling, while the seizure of the wallets had taken place on the second floor. It was also established that none of the persons arrested in the dwelling actually lived there and neither they nor the owners had consented to a search of the premises.

The issues presented for consideration on this appeal may be stated thus:

1. Did the trial court err in admitting evidence seized without a warrant from areas of the residence where defendant Carl was arrested to which the officers had not gained lawful access?

2. Does the constitutional protection against the illegal search of residential premises* extend to persons having no right to the possession or control of the premises searched?

The third issue raised, relating to the weight of the evidence, is entirely without merit and will not be discussed as a reading of the transcript clearly indicates that there was sufficient testimony to warrant a finding of guilt by the court.

Defendants contend that under long-standing Michigan law, as illustrated by *People* v. *Conway*

---

* Const 1963, art 1, § 11.

(1923), 225 Mich 152, and its exclusion of the infamous "white mule", as well as a recent Federal decision, the search made in the instant case was illegal and the evidence seized improperly admitted. This Court is in full agreement with defendants' contention that *Conway* is still the law in Michigan. We note that the rule on searches incident to a lawful arrest is laid down in 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 875, pp 1147, 1148, which states:

"Officers have the power, and it is also their duty, to search the person of one lawfully arrested, and the premises to which they have lawful entrance, for the purpose of making such arrest, for articles which may be used in evidence against him, and to seize and bring before the court any incriminating evidence which they may find to connect him with the crime for which he was arrested. In making such an arrest, however, officers cannot invade portions of the defendant's home not necessary for them to enter to make the arrest, to search for evidence of other violations of the law."

The *Conway* case mentioned *supra,* specifically held that, "the warrant which he had was for the arrest of the defendant; it gave him lawful access only to that part of the house which it was necessary for him to enter in order to serve his warrant". The Court went on to explain that any further search of the premises was an invasion of the defendant's constitutional rights.

No doubt, on the basis of the authorities cited, the search and seizure was illegal. However, the instant case is complicated by the fact that the defendant Carl had no right to possession or control of the premises searched. While recognizing the significance of *Jones* v. *United States* (1960), 362 US 257 (80 S Ct 725, 4 L Ed 2d 697), the Court sees no

reason to depart from its previous holding in *People* v. *Hale* (1967), 7 Mich App 127, which stated that "no rights, constitutional or otherwise, are invaded when property not under the control of defendant is searched". *People* v. *Lovins* (1968), 10 Mich App 524.

It is therefore the holding of this Court that since defendants were not in possession or control of the dwelling in which the arrest was made, they have no standing to challenge the legality of the subsequent search conducted by the police. The holding of this Court in the *Hale* case, cited *supra,* is still the controlling law in Michigan.

Affirmed.

All concurred.