## PEOPLE *v.* MILLER

1. APPEAL AND ERROR—MOTION TO SUPPRESS EVIDENCE.

    An appellate court will determine the correctness of a denial of a motion to suppress evidence based solely on the transcript of the preliminary examination where the transcript was the only evidence the trial judge had when ruling on the motion.

2. SEARCHES AND SEIZURES—CRIMINAL LAW—AUTOMOBILES—STANDING TO OBJECT.

    Defendant, a passenger in an automobile, had standing to object to the police searching the automobile and seizing money in the car's glove compartment where the defendant, before being ordered by the police to leave the car, was in a position to exert actual physical control over the money by a mere flick of the wrist.

3. SEARCHES AND SEIZURES—CRIMINAL LAW—AUTOMOBILE.

    A search of an automobile and seizure of money in the car's glove compartment which was conducted without a warrant and in the police station, after the defendant had been arrested

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 880 *et seq.*
[2] 47 Am Jur, Searches and Seizures § 11.
Interest in property as requisite of accused's standing to raise question of constitutionality of search and seizure. 4 L Ed 2d 1999.
[3] 47 Am Jur, Searches and Seizures § 18.
Modern status of rule as to validity of nonconsensual search and seizure made without warrant after lawful arrest as affected by lapse of time between, or difference in places of, arrest and search. 19 ALR3d 727.
[4, 5] 53 Am Jur, Trial § 486.
Propriety and effect of prosecuting attorney's argument to jury indicating his belief or knowledge as to guilt of accused. 50 ALR2d 766.
[6] 53 Am Jur, Trial § 505.

and the car had been removed from the scene of the arrest, was based on probable cause where there was probable cause to arrest the defendant, there was probable cause to search the automobile at the time the arrest was made, and the police, based on the events before the search of the car, had reason to believe that a search for particular articles would be productive.

4. CRIMINAL LAW—PROSECUTOR'S COMMENTS.

A prosecuting attorney may not inform the jury of his own personal opinion of the defendant's guilt; however, he may argue that the defendant is guilty based on the evidence and may state to the jury what evidence convinces him and should convince them of the defendant's guilt.

5. CRIMINAL LAW—PROSECUTOR'S COMMENTS—IMPROPER ARGUMENT.

Prosecution's statement to the jury that the case was "one of the most obvious" cases the police detectives had ever seen was improper, because it was a statement of other people's opinion of the defendant's guilt.

6. CRIMINAL LAW—IMPROPER ARGUMENT—TIMELY OBJECTION.

Timely objection must be made to improper argument; if timely objection has not been made, the exceptions will not be heard on appeal.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 May 12, 1970, at Detroit. (Docket No. 7,484.) Decided September 30, 1970.

David Wayne Miller was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant.

Before: R. B. BURNS, P. J., and LEVIN and
CHURCHILL,* JJ.

CHURCHILL, J.   Defendant was convicted by a
jury of robbery armed.[1]  He appeals, claiming that
money removed from the glove compartment of a
vehicle was seized in violation of his federal[2] and
state[3] constitutional rights and further that the
prosecutor's closing argument was inflammatory,
contained references to the prosecutor's own opin-
ion and to the opinion of others, and deprived him
of a fair trial.

At the opening of trial, defendant moved to sup-
press evidence.  It is not disclosed why the motion
was not timely made,[4] but neither the trial judge
nor the prosecuting attorney challenged the timing
of the motion.   No evidentiary hearing was re-
quested or held and the only evidence available to
the trial judge in ruling on the motion was the tran-
script of the preliminary examination.   We must
determine the issue on the same basis.   *People* v.
*Kaigler* (1962), 368 Mich 281.

On June 29, 1968, at approximately 10:15 p.m. a
robbery was committed at a theatre in Dearborn
by two men armed with handguns.   The robbers
took $1,366.   The police were informed of the rob-
bery immediately.   At approximately 10:21 p.m.
two alert Dearborn policemen saw a Chrysler auto-
mobile with two male occupants being driven out
of Dearborn and into Detroit and observed that the
occupants of the auto matched the description of the
two men who had committed the robbery.   The
policemen stopped the car at an expressway and

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.529 (Stat Ann 1970, Cum Supp § 28.797).
[2] US Const, Am IV.
[3] Const 1963, art 1, § 2.
[4] See *People* v. *Ferguson* (1965), 376 Mich 90.

took immediate custody of the men by covering them with a shotgun. One policeman then looked into the car. He saw a .38 revolver on the seat. He then looked under the front seat and found another gun. At the preliminary examination Officer Joseph Pavlick described the subsequent action in the following manner: "At this time other cars were arriving and they [the men] were placed in handcuffs. One was placed in one scout car and the other one was placed in another one. I then drove the Chrysler to the station myself. I drove it into the garage and, at the time, pictures were taken. I then searched the car and in the glove compartment were stacks of money. This turned out to be $1,366".

Defendant was a passenger in the auto.

The people, relying on *People* v. *Lovins* (1968), 10 Mich App 524, challenge defendant's standing to raise the constitutional issue. Prior to leaving the seat of the auto at the point of a police gun, the defendant was in a position to exert actual physical control over the money in the glove compartment by a mere flick of his wrist. On the authority of *People* v. *Gonzales* (1959), 356 Mich 247, we hold that he had standing to raise the issue.

The factual situation culminating in the warrantless search of the vehicle after removal to the police station is remarkably similar to the situation described in *Chambers* v. *Maroney* (1970), 399 US 42 (90 S Ct 1975, 26 L Ed 2d 419), where the United States Supreme Court upheld a robbery conviction based on evidence obtained in the warrantless search, saying:

"For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a

magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment. On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured. In that event there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained".

Prior to the reporting of *Chambers* v. *Maroney,* the same result could have been obtained, notwithstanding *People* v. *Dombrowski* (1968), 10 Mich App 445. See *People* v. *Webb* (1967), 66 Cal 2d 107 (56 Cal Rptr 902, 424 P2d 342, 19 ALR3d 708). Nothing but confusion will result if the Michigan constitutional prohibition against unreasonable searches and seizures is construed differently than the Fourth Amendment is construed by the United States Supreme Court.

Here, as in *Chambers* v. *Maroney, supra,* there was probable cause to arrest the defendant when he was stopped and there was probable cause to search the stopped auto at the scene for guns and stolen money. On the basis of what they knew before the search at the police station, the police had probable cause to believe a further search at the police station of this particular auto for particular articles, *e.g.,* the stolen money, would be productive. On the authority of *Chambers* v. *Maroney,* we hold that the seizure of the money at the police station was not in violation of defendant's rights.

We do not find the prosecutor's argument to have been inflammatory, but one of defendant's objections to the argument is worthy of special attention.

In *People* v. *McQuire* (1891), 89 Mich 64, the Michigan Supreme Court restated the rule that a prosecuting attorney may not inform the jury of his own personal opinion of the defendant's guilt, but may argue that the defendant is guilty from the testimony and may state to the jury what evidence before them convinces him and should convince them of the defendant's guilt. The assistant prosecuting attorney did not cross over the fine line drawn by the Supreme Court in *McQuire*. He did, however, state to the jury: "It's one of the strongest cases, one of the most obvious cases that these detectives have seen". This was a statement to the jury of other people's opinions of defendant's guilt. It was improper. No objection was made.[5]

"It is the rule in criminal as well as in civil cases, that the attention of the trial court must be directed to improper argument by timely objections, and its propriety at once determined by a ruling of the trial judge. Exceptions to argument, where no ruling is asked for or obtained, will not be considered on appeal." 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 627.

Affirmed.
All concurred.

---

[5] Something more than objection would have been necessary. *Koepel* v. *St. Joseph Hospital* (1968), 381 Mich 440.