PEOPLE *v.* RODRIGUEZ

1. Criminal Law—Evidence—Testimony Concerning Search—Failure to Object.

Allowing a police officer to testify that he conducted a search of defendant's home and found minute traces of narcotics did not constitute reversible error where defendant made no objection at trial to the testimony and where the record reveals that the question of the search was opened by defense counsel on cross-examination and the testimony complained of was given during the prosecution's redirect examination.

2. Criminal Law—Defendant Testifying—Cross-Examination—Prejudice.

The defendant's contention that the prosecutor's asking him, in his trial for sale of LSD, if he was acquainted with John Sinclair or Trans-Luv Productions prejudiced him because there had been extensive publicity in the area connecting John Sinclair and Trans-Luv Productions with drug traffic was not meritorious where the defendant has not produced nor offered to produce any evidence that there was such publicity.

3. Criminal Law—Prosecutor's Comments—Argument.

Prosecutor's statement to the jury that he was convinced that the evidence established defendant's guilt beyond a reasonable doubt was not improper argument, because the statement was merely part of the argument that the evidence showed that the defendant was guilty.

Appeal from Bay, John X. Theiler, J. Submitted Division 3 June 10, 1971, at Lansing. (Docket No. 9567.) Decided July 28, 1971.

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2, 3] 53 Am Jur, Trial §§ 458, 459.

Frank Rodriguez was convicted of selling LSD. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Kenneth A. Skronek,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM.   After a jury trial the defendant was convicted of selling d-lysergic acid diethylamide (LSD), MCLA § 335.106 (Stat Ann 1971 Rev § 18-.1106).   He now appeals.

At the trial the people called one Todd Jones who testified that he had purchased some LSD from the defendant.   Jones stated that he had contacted the State Police and informed them that he believed he could purchase some LSD at 2812 Seminole Court, Portsmouth Township, Bay County.   He further testified that on July 11, 1969, he went to the Seminole Court address and purchased some "black osleys" from the defendant.   It was later established that the "black osleys" contained LSD.

The defendant's first contention is that the trial court erred in allowing a State Police Corporal to testify that on the evening of July 11, 1969, he conducted a search at the Seminole Court address and discovered minute traces of narcotics.   The defendant did not object at the time this testimony was given and absent a miscarriage of justice this

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cannot be urged as error for the first time on appeal. *People* v. *Bauman* (1952), 332 Mich 198.

An examination of the record shows that not only was there a failure to object, but that the whole question of the search had been opened up by the defendant's counsel on cross-examination. On redirect examination the prosecutor inquired into the search in greater detail and the testimony to which the defendant now objects was given. On these facts we find no miscarriage of justice.

The defendant contends that he was prejudiced when the prosecutor asked him if he was acquainted with one John Sinclair or with an organization known as Trans-Luv Productions. The defendant asserts that this questioning was prejudicial because at the time of trial there had been extensive publicity in the Bay County area connecting John Sinclair and Trans-Luv Productions with the drug traffic. However, at no time has the defendant produced or offered to produce evidence that there was such publicity.

The defendant's final contention is that he was prejudiced when the prosecutor made the following statement in his closing argument:

"I'm satisfied from the evidence in this case that the evidence establishes that the defendant is guilty. More than that it establishes that the defendant is guilty beyond a reasonable doubt. I don't believe that in sitting here listening to this testimony that the testimony leaves any reasonable doubt, and because I feel that way, I'm going to ask you to come in and find a verdict of guilty as charged. Thank you."

The quoted statement was merely part of the prosecutor's argument that the evidence showed that the defendant was guilty, and therefore, was

not improper.   *People* v. *Humphreys* (1970), 24
Mich App 411.   Furthermore, the defendant did not
object to these remarks and he cannot raise the issue
for the first time on appeal.   *People* v. *Miller* (1970),
26 Mich App 665.

   Affirmed.